**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| Douglas A. Grooms | : | Bankruptcy No. 16-10030-TPA |
|     Debtor | : | |
| | : | |
| Joseph B. Spero, Trustee | : | |
|     Plaintiff | : | Adversary No. 16-01041-TPA |
|     v. | : | |
| Community Chevrolet, Inc. | : | |
|     Defendant | : | Chapter 7 |

**ANSWER TO COMPLAINT**

AND NOW, comes the Defendant, by and through its counsel, John E. Nagurney, Esquire, and Answers the Complaint as follows:

1. Admits allegation 1.

2. Admits allegation 2.

3. The averments in paragraph 3 are conclusions of law that require no response. To the extent that a response is deemed required, the averments in paragraph 3 are denied.

4. The averments in paragraph 4 are conclusions of law that require no response. To the extent that a response is deemed required, the averments in paragraph 4 are denied.

5. The averments in paragraph 5 and are conclusions of law that require no response. To the extent that a response is deemed required, the averments in paragraph 5 are denied.

6. Responding to allegation 6, admits that the Debtor formerly resided at the stated Creekside Drive address in Edinboro, Pennsylvania; however, alleges that the Debtor is presently incarcerated in a Federal Correctional Facility.

7. Admits allegation 7.

8. Admits allegation 8.

9. The averments in paragraph 9 are denied. By way of further answer, Douglas Grooms was investigated for the crime of Conspiracy To Commit Wire Fraud, in violation of 18 U.S.C. §1343. It was alleged that Mr. Grooms committed wire fraud from approximately June 2008 to approximately September 2013. The victim was Defendant Community Chevrolet and the amount embezzled was $485,800.00. The United States Attorney's Office for the Western District of Pennsylvania charged Mr. Grooms in a one count Information on December 15, 2015 with Conspiracy To Commit Wire Fraud, 18 U.S.C. §1343. Subsequent to the investigation being concluded and prior to the Criminal Information being filed, a plea agreement was reached between the United States and Mr. Grooms. In accordance with the negotiated plea agreement, Mr. Grooms paid partial restitution in the amount of $100,000.00 to his attorney, who remitted said payment by an IOLTA account payment to Community Chevrolet. Mr. Grooms waived Indictment and entered a guilty plea on February 29, 2016. On July 11, 2016, Mr. Grooms was sentenced to prison for a term of 24 months, and the Honorable David Stewart Cercone imposed the Judgement that ordered, among other things, restitution in the amount of $485,800 be paid to the Victim. Thus, to the extent the Plaintiff is attempting to characterize any alleged "Transfer" as avoidable or avoided transfers as that defined term is used in the Complaint, such characterization is inaccurate, improper and is specifically denied in each paragraph in which that defined term appears.

10. The averments in paragraph 10 are denied. By way of further answer, As a result of that $100,000.00 payment made to the victim, Mr. Grooms was able to receive a significant reduction in his sentencing. In a December 7, 2015 plea letter with the United States, one of the listed provisions of the plea was that "[p]ursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment of two (2) years, a term of supervised release of three (3) years, a special assessment of

$100, and restitution of $485,800, with the minimum of $100,000 in restitution to be paid prior to sentencing." The payment made to the victim never belonged to the Debtor; it rightfully belonged to the Victim.[1]

11. The averments in paragraph 11 are denied. The payment made to the victim was made pursuant to the plea agreement and was mandated by the Mandatory Victims Restitution Act (the "MVRA").

12. The averments in paragraph 12 are denied. By way of further response, the averments in paragraph 12 are conclusions of law that require no response. To the extent that a response is deemed required, the averments in paragraph 12 are denied.

13. Responding to allegation 13, said averments are denied.

14. Responding to allegation 14, the averments in paragraph 14 are conclusions of law that require no response. To the extent that a response is deemed required, the averments in paragraph 14 are denied.

---

[1] For sentencing purposes a person convicted of a federal crime is assigned a sentencing score based upon the crime(s) committed and other crime specific factors. For a financial crime such as embezzlement/wire fraud; these factors include the amount of money stolen, other enhancement factors such as breach of fiduciary/insider duties of fidelity, and ameliorating factors such as cooperation and restitution. [see United States Sentencing Commission Guidelines Manual]
    Mr. Grooms pled guilty to a financial crime with a maximum sentence of 20 years or less. The Sentencing Guideline Manual at §2B1.1.(2) assigns a base offense level of "six" to such a crime. This base level is increased by "12" because the amount of the victim's loss was between $250,000 and $550,000. Additionally, the base level can be further increased by"2" because the crime was one of "Abuse Of Position Of Trust Or Use Of Special Skill" [Sentencing Guideline Manual at §3B1.3.] The end result was a Level 20 Sentencing Guideline.
    Rather than receiving a Level 20 sentence requiring between 33 – 41 months incarceration, Mr. Grooms has pled guilty with an agreed to sentence of 24 months incarceration as a result of a negotiated plea predicated upon the restitution now in issue. He will get out of jail 11 months early for paying $100,00.00 as partial restitution. He is also eligible for an even earlier release based upon "good behavior" while incarcerated.

**Answer to Count 1**

15. Responding to allegation 15, the Defendant repeats and realleges the responses to allegations 1 through 15, above.

16. Responding to allegation 16, denies knowledge or information sufficient to form a belief regarding the truth or accuracy of said allegation; or alternatively, denies said allegation pending specific factual information which may be discerned through discovery; and further avers that said allegation is a conclusion of ultimate fact or a conclusion of law which requires no response but is nonetheless denied.

17. Responding to allegation 17, denies knowledge or information sufficient to form a belief regarding the accuracy or an accuracy of said allegation; or alternatively, denies said allegation pending specific factual information which may be discerned through discovery; and further avers that said allegation is a conclusion of ultimate fact or a conclusion of law which requires no response but is nonetheless denied.

**Answer to Count 2**

18. Responding to allegation 18, the Defendant repeats and realleges the responses to allegations 1 through 18, above.

19. Responding to allegation #19, denies knowledge or information sufficient to form a belief regarding the accuracy or an accuracy of said allegation; or alternatively, denies said allegation pending specific factual information which may be discerned through discovery; and further avers that said allegation is a conclusion of ultimate fact or a conclusion of law which requires no response but is nonetheless denied.

20.   Responding to allegation #20, denies knowledge or information sufficient to form a belief regarding the accuracy or an accuracy of said allegation; or alternatively, denies said allegation pending specific factual information which may be discerned through discovery; and further avers that said allegation is a conclusion of ultimate fact or a conclusion of law which requires no response but is nonetheless denied.

## **AFFIRMATIVE DEFENSES**

In addition to the Answer above, which is incorporated by reference, the Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint.

### **First Affirmative Defense**

21.   The Complaint fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

22.   The alleged transfer did not occur within 90 days of the filing of the Debtor's Bankruptcy Petition.

### **Third Affirmative Defense**

23.   The alleged transfer was made at a time when the transferor was solvent.

### **Fourth Affirmative Defense**

24.   The alleged payment made by the Debtor constituted a contemporaneous exchange for a new value; therefore, any recovery of those alleged payments is barred by the "contemporaneous exchange" defense of 11 U.S.C. §547(c)(1).

### **Fifth Affirmative Defense**

25.   The Plaintiff's claims are barred because any payment made to the Victim was not property of the estate because it rightfully belonged to the victim.

### Sixth Affirmative Defense

26. The Plaintiff's claims are barred because any payment that was made to the Victim was made in satisfaction of a criminal plea agreement and in furtherance of a federal criminal proceeding.

### Seventh Affirmative Defense

27. The Defendant reserves the right to add additional affirmative and/or special defenses as they become known to it through discovery or otherwise.

**WHEREFORE,** the Defendant, respectfully requests that this Honorable Court enter judgment in its favor, dismiss the Plaintiff's Complaint and grant such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

By: /s/ John E. Nagurney
John E. Nagurney, Esquire
Attorney for Debtor
12063 Midway Drive
Conneaut Lake, PA  16316
814/382-3328
PA ID #53164