**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 16-10030-TPA |
| DOUGLAS A. GROOMS ) | |
| ) | Adv. Pro. No. 16-1041-TPA |
| Debtor ) | |
| ) | Related to Doc. No. |
| _____ ) | |
| ) | Hearing |
| JOSEPH B. SPERO, TRUSTEE ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| COMMUNITY CHEVROLET, INC., ) | |
| and the UNITED STATES OF AMERICA ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT UNITED STATES' BRIEF IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States of America, submits this Brief in Support of its Motion for Summary Judgment.

**PRELIMINARY STATEMENT**

On August 16, 2016, Plaintiff Joseph B. Spero, Trustee, filed this adversary proceeding seeking to avoid a $100,000.00 criminal restitution payment made by Debtor to Community Chevrolet, Inc. (the "Victim"). The payment made to the Victim was made pursuant to a plea agreement and was mandated by the Mandatory Victims Restitution Act (the "MVRA"). See 18 USCS § 3663A. Section 3613(a) of Title 18 empowers the United States to enforce criminal monetary penalties notwithstanding any other Federal laws. See 18 U.S.C. § 3613(a). Because of the broad sweep of the "notwithstanding" clause, this enforcement provision sweeps aside any potentially conflicting laws, including section 547 of the United States Bankruptcy Code (the "Bankruptcy Code").

In light of the undisputed facts involved here, and for the reasons stated below, Plaintiff cannot avoid the criminal restitution payment made to the Victim. The Court should grant summary judgment in favor of the United States.

## STATEMENT OF FACTS

Douglas A. Grooms ("Debtor") was charged in a one count Information on December 15, 2015 with Conspiracy to commit wire fraud.  In the Information, it was alleged that Debtor committed the fraud from approximately June 2008 through and including September 2013. The victim was Defendant, Community Chevrolet, Inc. (the "Victim"), and the amount embezzled was set at $485,800.00 for restitution purposes.

A plea agreement was reached between the United States and Debtor.  In accordance with the negotiated plea agreement, Debtor paid partial restitution in the amount of $100,000.00 to the Victim. On December 7, 2015, a plea letter with the Department of Justice was prepared, which included a provision stating that "the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment of two (2) years, a term of supervised release of three (3) years, a special assessment of $100, and restitution of $485,800, with the minimum of $100,000 in restitution to be paid prior to sentencing."

On January 15, 2016, Debtor filed a chapter 7 bankruptcy petition.

On February 29, 2016, Mr. Grooms pled guilty to the one count Information and signed the plea letter dated December 7, 2015.  On July 18, 2016, the United States District Court for the Western District of Pennsylvania entered an Order of Judgment in a Criminal Case requiring, among other things, that Debtor pay criminal restitution in the amount of $485,800.00. The United States of America on behalf of the United States Clerk of Courts is responsible for

collecting restitution payments. Thus, the United States of America is a creditor in the bankruptcy case and filed its proof of claim for the restitution amount on August 23, 2016 at Claim No. 16.

The Plaintiff filed the Complaint to Collect Preference Payments on August 16, 2016. In the Complaint, the Plaintiff is attempting to avoid the $100,000.00 criminal restitution payment Mr. Grooms made to the Victim as part of his plea agreement and pursuant to the MVRA.

## APPLICABLE LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, applicable to these proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, depositions, supporting affidavits, answers to interrogatories and admissions that are part of the record demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is appropriate if no material factual issue exists and the only issue before the Court is a *legal* issue. Melaragno v. CitiMortgage, Inc. (In re Sandman), No. 12-10339, 2013 Bankr. LEXIS 3100, at *6 (Bankr. W.D.P.A. August 1, 2013). "The test under Fed. R. Civ. P. 56 is 'whether the moving party is entitled to judgment as a matter of law.'" See id.

**ARGUMENT**

I.   18 U.S.C. § 3613(a) empowers the United States to enforce criminal monetary penalties notwithstanding any other laws, including the Bankruptcy Code.

There are no material facts in dispute here, and the United States is entitled to judgment as a matter of law. Title 18 U.S.C. § 3613(a) states that the United States may enforce a criminal monetary penalty "notwithstanding any other Federal law . . . against all property or rights to property of the person fined." That "notwithstanding" clause broadly sweeps aside any potentially conflicting laws. United States v. Novak, 476 F.3d 1041, 1046 (9th Cir. 2007). Thus, on its face, section 3613(a) states that the United States' enforcement of criminal restitution obligations is not subject to Bankruptcy Code provisions that would stay collection or otherwise preclude recourse against assets. It would be difficult to imagine a clearer statement of legislative intent to supersede all other laws, and the use of such a clause "clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions at any other section." Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18 (1993).

Addressing this issue in the context of the application of the automatic stay, the Sixth Circuit Court of Appeals stated that, "[b]ased on the plain meaning of §3613 and the approach adopted by our sister circuits in interpreting this statute, §3613 supersedes the automatic stay and allows the government to enforce restitution orders against property included in the bankruptcy estate." United States v. Robinson (In re Robinson), 764 F.3d 554, 557 (6th Cir. 2014). Although the Sixth Circuit addressed the breadth of §3613 as it relates to the automatic stay, the same analysis applies to "any other Federal law," including preferences.

Focusing on the clear text of the statute, the Robinson court explained that, "[i]n construing 'notwithstanding' clauses, the Supreme Court and the circuit courts have indicated that this language supersedes conflicting law." See id. At 560 (citing Cisneros, 508 U.S. at 18). The Sixth Circuit's analysis was not limited to the automatic stay; it broadly included "conflicting laws." Here, the preference statute in §547 conflicts with §3613. Further highlighting this point, the Sixth Circuit pointed out that the Courts of Appeals "generally have interpreted similar 'notwithstanding' language . . . to supersede **all other laws**, stating that '[a] clearer statement is difficult to imagine.'" Robinson, 764 F.3d at 560 (emphasis added); see also Partida v. United States, DOJ (In re Partida), 531 B.R. 811, 813 (9th Cir. BAP 2015)("Congress clearly intended the reach of the 'notwithstanding' clause of the MVRA enforcement provision to include any conflicting statutory provisions, even making express reference where explicitly required").

Citing to several circuits, the Robinson court listed various examples of circuits holding that §3613 "defeats other statutory provisions that safeguard an individual's property." See Robinson, 764 F.3d at 560 (clarifying that, although only one example cited arose in the bankruptcy context, the other examples are "instructive because they demonstrate that the Bankruptcy Code, like any other federal statute, must yield if it conflicts with §3613"); see also Partida, 531 B.R. at 813 ("By allowing restitution obligations to be enforced against Social Security benefits, Congress prioritizes the enforcement of restitution orders by making available moneys traditionally protected from creditors in bankruptcy"). It then turned to the legislative history of §3613 to support its interpretation and holding in Robinson.

The court in Robinson explained that §3613 and the MVRA "are enforcement statutes, granting the United States the power to collect restitution for the victims of specified crimes". See Robinson, 764 F.3d at 560-61; see also 18 USCS § 3663A. Explaining further, the Sixth Circuit stated that the "MVRA removed judicial discretion in ordering restitution and made such orders mandatory in nearly all cases where a victim suffered an identifiable monetary loss." Robinson, 764 F.3d at 561 ("Congress envisioned that the MVRA would 'ensure that all criminals pay full restitution to their victims for all damages caused as a result of the crime,' regardless of a defendant's financial circumstances"). And since restitution "is enforceable by the United States, through the Department of Justice, and by the victims named in the restitution order," the United States is tasked with ensuring that the Victim here keeps the (partial) restitution payment. See id.

Next, the Sixth Circuit addressed the fact that the MVRA incorporated the term "notwithstanding" in 1996, long after the 1978 passage of the Bankruptcy Code and was explicitly thinking about the impact of the existing bankruptcy laws on the enforcement of criminal debt. Id. Citing to a Supreme Court observation, the Sixth Circuit recounted that "the classic judicial task of reconciling many laws enacted over time, and getting them to make sense in combination, necessarily assumes that the implications of a statute may be altered by the implications of a later statute." Id. (citing Food & Drug Admin. V. Brown & Williamson Tobacco Corp., 529 U.S. 120, 143 (2000)). The legislative history relied on by the Robinson court solidifies that the "'specific policy' underlying the MVRA ensures that victims 'receive the restitution that they are due' and that bankruptcy laws do not frustrate the prosecution of criminal offenders." Id. ("With the MVRA, 'Congress has specifically subordinated the goals of

- 6 -

economic rehabilitation and equitable distribution of assets to the states' interest in prosecuting criminals").

Further evidencing the broad sweep of §3613, the court in Robinson pointed out that, after §3613(a) was drafted, "it later provided, in §3613(e), that criminal debts and liens survive bankruptcy discharge." Id. Thus, the "explicit reference to bankruptcy discharge in §3613(e) suggests that Congress had the potential effects of the Bankruptcy Code in mind when it drafted §3613(a). Id. at 562. Additionally, section 3613(a) has three enumerated exceptions[1]. "Conspicuously, the Bankruptcy Code . . . is absent from the list of exceptions, and its absence informs our discussion because '[w]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." Id. Congress was silent on the Bankruptcy Code's effect on 3613(a). Therefore, the Bankruptcy Code is not excepted from the powerful language of 3613(a) that sweeps aside all other federal law.

The natural reading of § 3613(a), therefore, is that Congress intended no federal law other than those specifically enumerated to interfere with the United States' efforts in this area. The Court must presume Congress did not wish even the powerful protections of the Bankruptcy Code to shield the property of a person ordered to pay criminal restitution from the United States' collection efforts.

---

[1] The three exceptions are: (1) Property exempt from levy for taxes pursuant to Section 6334 . . . of the Internal Revenue Code shall be exempt from enforcement of the judgment under Federal law; (2) Section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and (3) The provisions of section 303 of the Consumer Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law. 18 U.S.C. §3613(a).

II.  Public policy favors enforcement of criminal restitution over the bankruptcy goals of orderly distribution of debtors' assets.

The goal of bankruptcy to distribute the property of the debtor "fairly and equally among creditors" is an admirable and worthy goal, intended to give the honest but unfortunate debtor a fresh start.  Stellwagen v. Clum, 245 U.S. 605, 617 (1918). The problem is that the public welfare, which is served by restitution, is not what was contemplated by the Bankruptcy Code when it created a fair system to distribute assets to creditors.  The criminal code furthers this goal of public welfare at 18 U.S.C. §3613(a) by stating that, "notwithstanding any other federal law, a judgment imposing a fine may be enforced against all property or rights to property of the person fined."  Section 3613(a) was enacted after the Bankruptcy Code and makes no exception for property of the estate.  To hold otherwise, would put a criminal fine or restitution on the same footing with credit card debt and other unsecured creditors in a bankruptcy case.  Thus the effectiveness of a district court judge's imposition of the punishment of restitution or fine would be diluted to the status of all other creditors in a bankruptcy case. If the Bankruptcy Code can dilute restitution or fines in this manner by not allowing enforcement against property of the estate, then nothing would prohibit criminal defendants from seeking bankruptcy protection as a haven to protect their assets.

The restitution judgment, while monetary in its award, is not compensation for creditors.  Rather it serves the dual purposes of punishment and rehabilitation.  The Bankruptcy Code serves the public's interest in an orderly distribution of assets and a fresh start for debtors.  The criminal justice system serves a different public interest.  Through § 3613(a), Congress clearly subordinated the bankruptcy goals to the criminal justice goals for the purpose of enforcing

- 8 -

restitution. The Robinson and Partida courts' decisions gave effect to that congressional balancing of interests. And without the right to collect the restitution imposed against Debtor, the district court's sentence has no meaning.

> III. Assuming the criminal restitution payment could be avoided (which the United States submits, it should not), 3613(a) allows the government to collect criminal restitution despite "any other Federal law," including the automatic stay, rendering this action futile.

Even if Plaintiff prevailed and the restitution payment was avoided, 18 U.S.C. § 3613(a) allows the government to collect criminal restitution despite "any other Federal law," including the automatic stay. Thus, the United States would be able to enforce and collect the payment at issue if such payment were returned to the bankruptcy estate rendering the requested relief futile. See Robinson, 764 F.3d 554, 557; see also Partida, 531 B.R. 811. The automatic stay is a powerful tool with worthy intent. However, Congress did not intend for the Bankruptcy Code to interfere with the swift and sure operation of criminal justice. Congress intended to allow the enforcement of a criminal judgment over the claims of other creditors, as is evidenced by § 3613(a). While bankruptcy has the worthy intent of helping debtors organize their finances, Congress determined that enforcing a criminal judgment is more important as evidenced by 18 U.S.C. § 3613(a). Thus, even assuming that the criminal restitution payment made to the Victim could be avoided, it would be futile to proceed with this adversary case since, if the payment was avoided (which based on the foregoing, it should not be), the United States would not be stayed from enforcing collection after the payment was returned to the bankruptcy estate.

And even without consideration of the sweep of § 3613(a), the Bankruptcy Code itself, at 11 U.S.C. § 362(b)(1), provides for an exception the automatic stay that allows the continuation

of a criminal action, including enforcement of restitution debt.   The structure of 11 U.S.C. § 362 reflects Congress' intention that criminal restitution debts remain enforceable, notwithstanding the bankruptcy stay under § 362(a).   Enforcement of criminal restitution is a continuation of the criminal action.   Public policy dictates that enforcement of criminal restitution should be given priority over the bankruptcy goals of orderly distribution of a debtor's assets.

      IV.    Plaintiff cannot satisfy all of the elements of §547 because the payment at issue would not enable the Victim to receive more than it would receive if the case were a case under chapter 7 and the transfer had not been made.

Title 18 U.S.C. § 3613(a) states that the United States may enforce a criminal monetary penalty "notwithstanding any other Federal law . . . against all property or rights to property of the person fined."   Section 547 of the Bankruptcy Code provides, among other elements, that "the trustee may avoid any transfer of an interest of the debtor in property . . . that enables such creditor to receive more than such creditor would receive if-

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer has not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b)(5).   The Plaintiff cannot satisfy this element; even if the restitution payment would not have been made, the United States could enforce the monetary penalty "notwithstanding any other Federal law."   So in this chapter 7 liquidation, assuming that payment had not been made, the Victim would still be entitled to the full amount of the mandatory restitution pursuant to the MVRA as outlined in detail above.

**CONCLUSION**

For all the foregoing reasons, this Honorable Court should grant the United States' Motion for Summary Judgment, and find that Plaintiff is not entitled to avoid the $100,000.00 criminal restitution payment made to Community Chevrolet, Inc.

        Respectfully submitted,

        SOO C. SONG
        Acting United States Attorney

        /s Jill Locnikar
        JILL LOCNIKAR
        Assistant U.S. Attorney
        Western District of PA
        Joseph F. Weis, Jr. United States Courthouse
        700 Grant Street, Suite 400
        Pittsburgh, PA 15219
        (412) 894-7429

        Counsel for the United States of America

Dated: January 19, 2017

## **CERTIFICATE OF SERVICE**

      I hereby certify that this 19th day of January, 2017 a true and correct copy of the foregoing Brief in Support of its Motion for Summary Judgment filed by the United States was served to and upon the following via electronic mail and/or U.S. mail, postage prepaid:

John C. Melarango
502 West Seventh Street
Erie, PA   16502
johnm@mplegal.com

John E. Nagurney
12063 Midway Drive
Conneaut Lake, PA   16316
courtnagurney@zoominternet.net

Joseph B. Spero
3213 West 26th Street
Erie, PA 16506

Community Chevrolet, Inc.
16408 Conneaut Lake Road
Meadville, PA 16335


                                                /s/ Jill Locnikar
                                                JILL LOCNIKAR
                                                Assistant U.S. Attorney