FILED
3/14/17 4:06 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| DOUGLAS A. GROOMS, | Case No. 16-10030-TPA |
| *Debtor* | |
| | Chapter 7 |
| JOSEPH B. SPERO, TRUSTEE, | |
| *Plaintiff* | Adv. No. 16-1041-TPA |
| | |
| v. | Related to Doc. Nos. 29, 46 |
| | |
| COMMUNITY CHEVROLET, INC., and | |
| THE UNITED STATES OF AMERICA, | |
| *Defendants* | |

## *ORDER*

The Court heard argument yesterday on the competing *Motions for Summary Judgment* ("*Motions*") filed by the Plaintiff at Doc. No. 29 and by the United States at Doc. No. 46. The Court indicated that it was somewhat reluctant to grant either of the *Motions* because it appeared the record regarding the plea agreement and the restitution payment was perhaps not as fully-developed as it could be. After some hesitation, both of the moving parties seemed to express the view that they would likely not present any further evidence at a trial even if they had the chance to do so. Non-moving party Community Chevrolet, Inc. initially indicated it might seek to present an expert witness at trial, but subsequently reversed itself and did not identify any other additional evidence it would present.

After giving the matter some further thought, and in light of the unanimous position of the Parties, the Court is now willing to decide the matter on summary judgment based on the existing record. However, in recognition of the fact that the Parties may have been caught somewhat by surprise at the hearing on the question of whether they wished to provide additional evidence, the Court will give them one more chance to change their views before proceeding to decide the *Motions*.

AND NOW, this **14th** day of ***March, 2017***, it is **ORDERED, ADJUDGED** and **DECREED** that if any of the Parties wishes to present any additional evidence in the case it shall so advise the Court ***on or before March 24, 2017***, otherwise the Court will proceed to decide the *Motions* based solely on the existing record.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
    John Melaragno, Esq.
    John Nagurney, Esq.
    Jill Locnikar, Esq.
    Stephen Hutzelman, Esq.
    Debtor